Mark S. Spring, State Bar No. 155114
mspring@cdflaborlaw.com
Teresa W. Ghali, State Bar No. 252961
tghali@cdflaborlaw.com
CAROTHERS DISANTE & FREUDENBERGER LLP
600 Montgomery Street, Suite 440
San Francisco, CA 94111
Telephone:  (415) 981-3233
Facsimile:  (415) 981-3246

Mark W. Peters, TN State Bar No. 018422  (*Pending Pro Hac Vice*)
mark.peters@wallenlaw.com
P. Max Smith, TN State Bar No. 026602  (*Pending Pro Hac Vice*)
Max.Smith@wallerlaw.com
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (616) 244-6804

Attorneys for Defendant
SJBH, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARHONDA THORNABAR, | ) Case No.  18-6443 |
| | ) |
| Plaintiff, | ) Santa Clara County Superior Court |
| v. | ) Case No. 18cv331235 |
| | ) |
| SJBH, LLC and DOES 1 THROUGH 100, inclusive, | ) **DEFENDANT SJBH, LLC'S NOTICE OF** |
| | ) **REMOVAL** |
| Defendants. | ) |
| | )  JURY TRIAL DEMANDED |
| | ) |

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1393257.1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF CALIFORNIA**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, Defendant SJBH, LLC ("SJBH") hereby provides notice of removal of this action from the Superior Court of California, County of Santa Clara.  In support of removal, SJBH states the following:

1.      On July 9, 2018, an action was commenced in the Superior Court of California, County of Santa Clara, styled *TaRhonda Thornabar v. SJBH, LLC, et al.*, Case No. 18CV331235.

2.      Plaintiff attempted to serve SJBH with the Summons and Complaint through an improper agent for service of process on July 27, 2018.  Declaration of P. Maxwell Smith ("Smith Decl.") at ¶ 2; Ex. A.  SJBH had no notice of the lawsuit until it received a case management statement and notice of posting jury fees from the Superior Court of California, County of Santa Clara, at its Tennessee business address on October 8, 2018.  *Id.*  SJBH's undersigned counsel then contacted Plaintiff's counsel to explain SJBH had not been served.  *Id.* at ¶ 3.  SJBH's counsel agreed to accept service of the Summons and Complaint on behalf of SJBH effective October 15, 2018.  *Id.* at ¶ 3.  A copy of the Complaint is attached as **Exhibit 1** to this Notice of Removal.

3.      SJBH is filing this Notice of Removal within thirty (30) days of receiving notice of the Summons and Complaint.  This Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

4.      This action is removed on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 and 1441(b).  Plaintiff asserts in the Complaint she is a citizen and resident of California.  Complaint at ¶ 1 (Ex. 1).  SJBH is a Delaware limited liability company with its principal place of business in Tennessee.  The sole member and 100% owner of SJBH is Acadia Healthcare Company, Inc., a publicly traded Delaware corporation with its principal place of business in Tennessee.  Declaration of Sean Peterson ("Peterson Decl.") at ¶ 2.

5.      "Where a plaintiff's state court complaint does not specify a particular amount of

2

DEFENDANT SJBH, LLC'S NOTICE OF REMOVAL

1393257.1

damages, the removing defendant bears the burden of establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional threshold of $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Based on a fair reading of the Complaint, and without conceding any of Plaintiff's claims have any merit whatsoever, Plaintiff seeks in excess of $75,000, exclusive of interest and costs: Plaintiff seeks compensation for emotional distress, accruing lost wages, punitive damages, special damages, compensatory damages, and attorneys' fees and expenses.  Complaint at p. 11 (Prayer for Relief) (Ex.1).

6.     Plaintiff seeks accruing lost wages ("Plaintiff has sustained and continues to sustain substantial losses in earnings") as damages for her claims of retaliation in violation of Labor Code § 1102.5 (a) and (b), retaliatory discharge in violation of public policy, and violation of Labor Code § 98.6.  Complaint at ¶¶ 18, 27, 53 (Ex. 1).  Plaintiff was paid $33.00 per hour and scheduled to work on a full-time basis of 40 hours per week ($1,320.00 per week) at the time of her separation from SJBH on March 16, 2018.  Peterson Decl. at ¶ 3; Complaint at ¶ 5 (Ex. 1).  Because Plaintiff "claims at the time of removal that her termination caused her to lose future wages… then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).

7.     For purposes of removal, the Court should consider lost wages accrued from Plaintiff's separation of employment through an estimated trial date of one year after removal.  *See Molina v. Target Corp.*, 2018 U.S. Dist. LEXIS 138316, *7 (C.D. Cal. Aug. 14, 2018).  Conservatively estimating a trial date one year after removal in October 2019, Plaintiff would be entitled to about $108,240 in lost wages if she prevailed.  *See Chavez*, 888 F.3d at 418 ("In sum, the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails").  Plaintiff's claim for accruing lost wages is sufficient on its own to establish diversity jurisdiction.

DEFENDANT SJBH, LLC'S NOTICE OF REMOVAL

1393257.1

8. In her fifth cause of action, Plaintiff alleges a claim for failure to timely pay wages upon separation of employment pursuant to Labor Code § 202 and seeks thirty days of wages as a penalty under Labor Code § 203. Complaint at ¶¶ 39-44 (Ex. 1). A pay rate of $33.00 per hour for thirty days equals an alleged penalty of $7,920 to be added to the amount in controversy. *See Adkins v. J.B. Transp., Inc.*, 293 F. Supp. 3d 1140, 1146 (E.D. Cal. March 20, 2018) (adding same 30-day maximum waiting time penalty to amount in controversy).

9. In her seventh cause of action, Plaintiff alleges a violation of Labor Code § 98.6. Complaint at ¶¶ 50-58 (Ex. 1). Pursuant to Labor Code § 98.6(b)(3), in addition to other remedies, an employer may be liable for a civil penalty of $10,000 to be awarded to the employee who suffered the violation, which again would be added to the amount in controversy for removal purposes.

10. Plaintiff seeks some unspecified amount of emotional distress damages Complaint at ¶¶ 18, 27, 53; *id.* at p. 11( Prayer for Relief) (Ex.1), which are recoverable in constructive retaliatory discharge in violation of public policy cases. *See Erlich v. Menezes*, 981 P.2d 978, 983 (Cal. 1999)) and Labor Code § 1102.5(b). "That the evidence of the amount of emotional distress damages is limited, does not mean that it is appropriate to disregard the claim in determining the amount in controversy. The claim was made, and there must have been a good faith basis to do so under California law." *Garfias v. Team Indus. Servs.*, 2017 U.S. Dist. LEXIS 167370, *11-12 (C.D. Cal. Oct. 10, 2017). Courts have applied a 1:1 ratio to emotional distress and economic damages for purposes of calculating the amount of emotional damages to include in the amount of controversy. *See id.* at *12 (including a 1:1 ratio between economic damages and emotional distress damages). Thus, emotional distress damages of $108,240, mirroring Plaintiff's alleged economic damages, should be included in calculating the amount in controversy.

11. Plaintiff seeks punitive damages (Complaint at ¶¶ 19, 28, 54-56, *id.* at p. 11 (Prayer for Relief)), which are available for common law claims of wrongful discharge in violation of public

DEFENDANT SJBH, LLC'S NOTICE OF
REMOVAL

1393257.1

policy and violations of Labor Code § 1102.5. *Rodriguez v. Home Depot, U.S.A., Inc.*, 2016 U.S. Dist. LEXIS 94176, \*15-16 (N.D. Cal. July 19, 2016). When including punitive damages in calculating the amount in controversy, courts have applied a 1:1 ratio based on the amount of compensatory damages. *See Garfias*, 2017 U.S. Dist. LEXIS 167370, \*13. Thus, punitive damages of $108,240, mirroring Plaintiff's alleged economic damages, should be included in calculating the amount in controversy.

12. Plaintiff seeks attorneys' fees for alleged violations of Labor Code §§ 1102.5 (a) and (b), 226.7, 201-203, 218.5 and 98.6. Complaint at ¶¶ 21, 34, 44, 57; *id.* at p. 11 (Prayer for Relief) (Ex. 1). "[A] court must include <u>future</u> attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (emphasis added). "The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience." *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002). Courts have "held that a reasonable rate for employment cases is $300 per hour" and "100 hours is an appropriate and conservative estimate" of the number of hours expended through trial for an employment action. *Adkins*, 293 F. Supp. 3d at 1148 (including a "reasonable and conservative" estimate of $30,000 in attorneys' fees for amount in controversy calculation in case involving disability discrimination, retaliatory discharge, and various wage and hour claims); *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, \*12 (C.D. Cal. March 3, 2015) (also including "appropriate and conservative estimate" of $30,000 for attorneys' fees in employment case). The Court should include an estimate of $30,000 for attorneys' fees in calculating the amount in controversy.

13. With an aggregated total in excess of $370,000 in controversy based upon Plaintiff's asserted damages, this action is one that clearly may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because the matter is one in which the district courts have original jurisdiction. Thus, this

DEFENDANT SJBH, LLC'S NOTICE OF REMOVAL

1393257.1

action may be removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(a).

14.     Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve copies of this Notice of Removal on Plaintiff's counsel and will file and serve the Notice upon the Clerk of Court, Superior Court of California, County of Santa Clara.

15.     Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served upon SJBH in this action are attached hereto as **Exhibit 2**.

16.     Venue is proper pursuant to 28 U.S.C. § 1441(a) in the United States District Court for the Northern District of California, San Jose Division, which embraces the County of Santa Clara, California, the place where the state court action was pending.

By filing this Notice of Removal, SJBH does not waive, either expressly or impliedly, its respective rights to assert any defense it could have asserted in the Superior Court of California, County of Santa Clara, to the United States District Court for the Northern District of California. SJBH reserves the right to amend or supplement this Notice of Removal.

Dated:  October 22, 2018                    CAROTHERS DISANTE & FREUDENBERGER LLP


                                            By:  _/s/ Teresa W. Ghali_
                                                      Teresa W. Ghali
                                            Attorneys for Defendant
                                            SJBH, LLC

6

DEFENDANT SJBH, LLC'S NOTICE OF REMOVAL

1393257.1

# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SJBH, LLC, and DOES 1 THROUGH 100, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TARHONDA THORNABAR,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
7/9/2018 4:29 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV331235
Reviewed By: V. Taylor
Envelope: 1704065

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Downtown Superior Court
191 N. First St.
San Jose, CA 95113

**CASE NUMBER:**
*(Número del Caso):*
18CV331235

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Roman Otkupman & Meghan Maertz: 28632 Roadside Dr. Suite 203 Agoura Hills, CA 91301: (818) 293-5623

| DATE: 7/9/2018 4:29 PM *(Fecha)* | Clerk of Court | Clerk, by *(Secretario)* | V. Taylor | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* SJBH, LLC

under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

E-FILED
7/9/2018 4:29 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV331235
Reviewed By: V. Taylor

ROMAN OTKUPMAN, CSBN 249423
*Roman@OLFLA.com*
MEGHAN MAERTZ, CSBN 276976
*Meghan@OLFLA.com*
OTKUPMAN LAW FIRM, A LAW CORPORATION
28632 Roadside Drive, Suite 203
Agoura Hills, CA 91301
Telephone: (818) 293-5623
Facsimile: (888) 850-1310

Attorneys for Plaintiff,
TARHONDA THORNABAR

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| TARHONDA THORNABAR,<br><br>        Plaintiff,<br><br>vs.<br><br>SJBH, LLC, and DOES 1 THROUGH 100, INCLUSIVE,<br><br>        Defendants. | CASE NO. 18CV331235<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **RETALIATION IN VIOLATION OF LABOR CODE § 1102.5 (a)(b);**<br><br>2. **CONSTRUCTIVE RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY;**<br><br>3. **FAILURE TO PROVIDE MEAL PERIODS AND REST PERIODS OR COMPENSATION IN LIEU THEREOF (LABOR CODE §§ 226.7);**<br><br>4. **KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS IN VIOLATION OF LABOR CODE § 226(a), (e);**<br><br>5. **FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION IN VIOLATION OF LABOR CODE §§ 201-203;**<br><br>6. **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200;** |

OTKUPMAN LAW
FIRM, ALC

**7. VIOLATION OF LABOR CODE §98.6.**

**REQUEST FOR JURY TRIAL**

PLAINTIFF, TARHONDA THORNABAR, complains and alleges as follows:

**GENERAL ALLEGATIONS**

(Against All Defendants and all DOE Defendants)

1.    At all times relevant to this complaint, Plaintiff, TARHONDA THORNABAR ("Plaintiff") was a resident of San Jose County, State of California.

2.    At all times herein mentioned, Defendant, SJBH, LLC, a California limited liability company and Does 1-100 (hereinafter, collectively referred to as "Defendants"). SJBH, LLC, is licensed to do business in the state of state of California.  Defendants employed the Plaintiff at their San Jose facility located at 455 Silicon Valley Blvd., San Jose CA 95138.

3.    The Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as Does 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names.  The Plaintiff is informed and believes that each of the DOE defendants reside in the State of California and are in some manner responsible for the conduct alleged herein.  Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

4.    Unless otherwise alleged in this complaint, the Plaintiff is informed, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining codefendants, in doing the things hereinafter alleged, were acting within the course, scope, and under the authority of the agency, employment, or representative capacity, with the consent of her/his codefendants.

5.    Plaintiff began working as an Intake Admissions Counselor for Defendants on or about March 5, 2018.  Plaintiff was earning approximately $33.00 per hour.

6.    Throughout her employment with Defendants, Plaintiff was a diligent worker.

OTKUPMAN LAW
FIRM, ALC

Plaintiff's Complaint For Damages

7.      Throughout her employment with Defendants, Plaintiff was routinely unable to take her meal and rest breaks. Plaintiff raised the issue with Defendants about not taking her necessary meal and rest breaks as required by law. Plaintiff was not compensated nor paid a penalty for the hours worked in lieu of her breaks.

8.      On or about March 9, 2018, Sean Barksdale advised Plaintiff's trainer Dawn (last name unknown) to have Plaintiff complete all the assessments. Plaintiff called Sean back to advise him that neither Dawn nor Plaintiff had taken lunch or rest breaks. However, Sean demanded Plaintiff to "continue working until they are all complete. It's our protocol."

9.      On or about March 10, 2018, Plaintiff sent Sean Barksdale a text message requesting a meeting about ongoing meal and rest break violations.

10.      On or about March 15, 2018, Plaintiff met with Joelle Garn, Human Resources Assistant and Brandy Rettus Interim Human Resources Director. Plaintiff provided copies of her timesheets showing Plaintiff did not take her meal breaks and rest breaks. She provided this information to Human Resources and Sean with those copies and a timeline of events.

11.      Brandy Rettus met, and confirmed, with Sean Barksdale all Plaintiff's allegations regarding the lack of meal and rest breaks were true. Brandy then asked Plaintiff if she would like to continue to work in this environment or did Plaintiff wish to quit her employment. As such, Defendant offered Plaintiff two choices of either continuing working under the same conditions in which Plaintiff was not allowed to take her legally mandated meal and rest breaks or simply resign. Plaintiff did not want to continue working for Defendant under such circumstances. As such, Plaintiff submitted a resignation letter. As a result, Plaintiff was constructively terminated.

## VENUE AND JURISDICTION

12.      Venue is proper under *Code of Civil Procedure* section 395, in that Plaintiff's injuries were incurred within this jurisdiction, and the actions that gave rise to Plaintiff's complaint arose within this jurisdiction.

///

OTKUPMAN LAW
FIRM, ALC

Plaintiff's Complaint For Damages

## FIRST CAUSE OF ACTION

## RETALIATION IN VIOLATION OF LABOR CODE § 1102.5 (a) and (b)

### (Against All Defendants and all DOE Defendants)

13. Plaintiff incorporates and re-alleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

14. The actions of Defendants, as described in this Complaint, constitute unlawful retaliation against an employee for reporting to what Plaintiff believed were actions that resulted in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation, specifically Labor Code § 226.7.

15. Defendant terminated Plaintiff shortly after Plaintiff Plaintiff's complaints about the lack of meal and rest breaks for all employees.

16. Had Plaintiff not voiced her concern regarding the rest and meal break issues, Plaintiff would still be employed at Defendants.

17. Plaintiff is informed and believes and alleges that the reason given by Defendants to Plaintiff for her termination was pretextual. Plaintiff is informed and believes and alleges that the true reasons for Defendants' termination of Plaintiff was due to Plaintiff's protected activity.

18. As a proximate result of Defendants' willful, knowing and intentional actions, Plaintiff has sustained and continues to sustain substantial losses in earnings, humiliation, emotional distress, and mental pain and anguish, all to her damage in a sum according to proof.

19. Defendants' acts as herein described were committed maliciously or oppressively with the intent of injuring Plaintiff and/or with a willful disregard for Plaintiff's right to work in an environment free from unlawful practices. Because the acts were carried out by officers, directors and/or managing agents of Defendants in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive or exemplary damages in a sum sufficient to punish and deter such future conduct.

20. As a proximate result of the wrongful acts alleged, Plaintiff has been generally and specially damaged in an amount to be proven at trial.

21. Plaintiff requests an award of attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

### RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY

(Against all Defendants and all DOE Defendants)

22.     Plaintiff incorporates and re-alleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

23.     Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy.  The California Court has interpreted a fundamental public policy to be any articulable constitutional, or statutory provision, or regulation that is concerned with a matter affecting society at large rather than a purely personal or proprietary interest of the employee or the employer.  Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

24.     Plaintiff is informed, believes, and based thereon, alleges that said Defendant named in this cause of action, and all DOE Defendants, and each of them, terminated Plaintiff's employment in violation of Labor Code § 1102.5, which prohibits terminating an employee for making protected complaints, including complaints related to what the employee reasonably believes is a violation of the law, or for refusing to participate in actions that Plaintiff reasonably believes are or will result a violation of the law. *California Labor Code* § 1102.5.  Plaintiff complained about lack of meal and rest breaks.

25.     The retaliatory actions of Defendants against Plaintiff, as more fully set forth above, including but not limited to retaliating against Plaintiff because of Plaintiff's protected activity, harassing Plaintiff, and terminating Plaintiff from Plaintiff's employment because of Plaintiff's engagement in a protected activity.

26.     Plaintiff is informed and believes and alleges that the reason given by Defendant to Plaintiff for her termination was pretextual. Plaintiff is informed and believes and alleges that the true reasons for Defendant's termination of Plaintiff was in retaliation for Plaintiff's opposition to the illegal activity that was taking place.

27.     As a proximate result of Defendant's willful, knowing and intentional retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in

OTKUPMAN LAW
FIRM, ALC

earnings, humiliation, emotional distress, and mental pain and anguish, all to her damage in a sum according to proof.

28.     Defendant's acts as herein described were committed maliciously or oppressively with the intent of injuring Plaintiff and/or with a willful disregard for Plaintiff's right to work in an environment free from unlawful retaliation. Because the acts were carried out by officers, directors and/or managing agents of Defendant in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive or exemplary damages in a sum sufficient to punish and deter such future conduct.

29.     As a proximate result of the wrongful acts alleged, Plaintiff has been generally and specially damaged in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND REST PERIODS OR COMPENSATION IN LIEU THEREOF IN VIOLATION OF LABOR CODE §§ 226.7, ORDER 4-2001

(Against Defendants and all DOE Defendants)

30.     Plaintiff hereby incorporates preceding paragraphs of this Complaint as though fully set forth herein.

31.     Plaintiff is entitled to one hour of pay for each day that Defendants failed to properly provide one or more meal and rest periods as set forth in the IWC Wage Orders and Labor Code §§ 226.7.

32.     Defendants have failed to provide Plaintiff one or more rest periods and failed to provide Plaintiff a meal period throughout the majority of Plaintiff's employment with Defendants. Defendants have failed to compensate Plaintiff at the rate of one hour or pay at their regular rate of pay for each day on which one or more meal periods or rest periods were not provided to Plaintiff. The times Plaintiff worked during her meal breaks and rest breaks were not compensated by Defendants.

33.     Pursuant to Labor Code §§ 226.7, Plaintiff seeks the payment of all rest and meal period compensation, according to proof.

34.     As a consequence of Defendant's willful conduct in not paying wages owed to Plaintiff, Plaintiff is entitled to payment at the rate of one hour or pay at her regular rate of pay

OTKUPMAN LAW
FIRM, ALC

6

Plaintiff's Complaint For Damages

for each day on which one or more meal periods were not provided to Plaintiff, together with attorney's fees and cost of suit, and prejudgment interest.

## FOURTH CAUSE OF ACTION

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

(Against All Defendants and all DOE Defendants)

35.    Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

36.    Section 226(a) of the California Labor Code requires Defendants to provide wage statements to employees.  In those wage statements, Defendants must accurately set forth, among other things, the total gross and net wages earned, total hours worked, and all applicable pay rates in effect during the pay period, for Plaintiff.  Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a).

37.    As Plaintiff was not paid all wages due, including the rest period wages, as described herein, her wage statements do not state the correct gross wages earned, net wages earned, total hours worked, and all hourly rates in effect for Plaintiff. Defendants' violations of Labor Code § 226(a) are knowing and intentional, and Plaintiff have suffered injury as a result of the receipt of defective wage statements, thereby entitling them to penalties pursuant to Labor Code § 226(e).

38.    Wherefore, Plaintiff requests relief as described herein.

## FIFTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTIONS 201, 202 RESULTING IN SECTION 203 WAGES AND PENALTIES (WAITING TIME PENALTIES) FOR FAILURE TO PAY WAGES DUE AT THE TIME OF DISCHARGE

(Against All Defendants and all DOE Defendants)

39.    Plaintiff hereby incorporates preceding paragraphs of this Complaint as though fully set forth herein.

40.    At all times material herein, the California Labor Code Sections 201, 202, and 203 were in effect and binding on Defendant.

OTKUPMAN LAW
FIRM, ALC

7

Plaintiff's Complaint For Damages

41.    California Labor Code § 202 requires employers to pay employees all wages due within seventy-two (72) hours of resignation. California Labor Code § 201 states in pertinent part that "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

42.    Plaintiff was entitled to compensation for unpaid wages, but to date has not received such compensation. Specifically, Defendant failed to pay Plaintiff all wages due to Plaintiff at the time of her termination. Plaintiff worked without ever receiving her ten (10) minute rest breaks. However, when Plaintiff's position with the company was terminated, Defendant failed to pay Plaintiff premium compensation that Plaintiff was owed for missing her meal and rest breaks. Thus, since Defendant failed to promptly pay Plaintiff all wages due to Plaintiff at the time of her termination, Defendant violated Section 201 of the Labor Code and Plaintiff is therefore entitled to wages and penalties pursuant to Labor Code Section 203.

43.    More than 30 days have passed since Defendant terminated Plaintiff.

44.    As a consequence of Defendant's willful conduct in not paying wages owed to Plaintiff, Plaintiff is entitled to 30 days of wages as a penalty pursuant to Labor Code § 203 for Defendant's failure to timely pay legal wages, together with attorney's fees and cost of suit, and interest pursuant to California Labor Code Section 218.5.

## SIXTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.

(Against All Defendants and all DOE Defendants)

45.    Plaintiff hereby incorporates preceding paragraphs of this Complaint as though fully set forth herein.

46.    The California Business and Professions Code Section 17200 states that following: "Unfair Competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by

Chapter 1 of Part 3 of Division 7 of the Business and Professions Code."

47.     Plaintiff hereby alleges that Defendant's conduct violated Section 17200 et seq. of the Business and Professions code by failing to pay Plaintiff wages pursuant to well-established California Law.

48.     Defendant's conduct occurred during a 10 day period preceding the filing of this action. Defendant's conduct, alleged herein, constitutes unlawful business practices in violation of Business and Professions Code Section 17200, et seq.

49.     Pursuant to Business and Professions Code Section 17200 et seq., Plaintiff is entitled to restitution of the portion of her compensation taken by Defendant by failing to promptly pay Plaintiff who was discharged, by failing to pay Plaintiff correct compensation, and by failing to furnish Plaintiff with correct itemized wage statements, during a period that commences four years prior to the filing of this action and continues at least throughout the date the judgment is entered in this action.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 98.6

(Against Defendants and all DOE Defendants)

50.     Plaintiff re-alleges the information set forth in all of the preceding paragraphs and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

51.     Labor Code § 98.6 states the following:

"(a) A person shall not discharge an employee or in any manner

discriminate, retaliate, or take any adverse action against any

employee or applicant for employment because the employee or

applicant engaged in any conduct delineated in this chapter, including

the conduct described in subdivision (k) of Section 96, and Chapter 5

(commencing with Section 1101) of Part 3 of Division 2, or …made a

written or oral complaint that he or she is owed unpaid wages, or

because the employee has initiated any action or notice pursuant to

Section 2699, or has testified or is about to testify in a proceeding

pursuant to that section, or because of the exercise by the employee or

OTKUPMAN LAW
FIRM, ALC

applicant for employment on behalf of himself, herself, or others of any rights afforded him or her. Any employee who is discharged, threatened with discharge, demoted, suspended, retaliated against, subjected to an adverse action, or in any other manner discriminated against in the terms and conditions of his or her employment because the employee engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee has made a bona fide complaint or claim to the division pursuant to this part, or because the employee has initiated any action or notice pursuant to Section 2699 shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of the employer."

52.     On occasions, Plaintiff made complaints to Defendant for the following issues: 1) Plaintiff's inability to take rest breaks and 2) Plaintiff in ability to take meal breaks. However, Defendant's failed to take any remedial action. Plaintiff made complaints to her supervisor Sean Barksdale, as well as Joelle Garn and Brandy Rettus from Human Resources.

53.     As a proximate result of Defendant's willful, knowing and intentional actions, Plaintiff has sustained and continues to sustain substantial losses in earnings, humiliation, emotional distress, and mental pain and anguish, all to her damage in a sum according to proof.

54.     The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendants named in this cause of action, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and including Defendant's willful violation of the Act, entitle Plaintiff to punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter Defendant from engaging in such conduct again, and to make an example of them to others.

55.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous

OTKUPMAN LAW FIRM, ALC

conduct of said Defendant named in this cause of action, described above, was done with oppression and malice by the Plaintiff's supervisor and managers and were ratified by those other individuals who were managing agents of said Defendant. These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendant, for their acts as described in this cause of action in a sum to be determined at the time of trial.

56.     Because the wrongful acts against Plaintiff were carried out, authorized or ratified by said Defendant's directors, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff seeks punitive damages against Defendant in order to deter them from such and similar conduct in the future.

57.     In addition, Plaintiff is entitled to her attorney's fees in prosecuting this lawsuit.

58.     As a proximate result of the wrongful acts alleged, Plaintiff has been generally and specially damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

1.     For compensatory damages according to proof;

2.     For such general, special, compensatory, and liquidated damages as may be appropriate, including all damages alleged above;

3.     For emotional distress damages;

4.     For attorneys' fees and costs;

5.     For punitive and exemplary damages pursuant to Cal. Civ. Code §3294;

6.     For an award of interest, including prejudgment interest, at the legal rate;

7.     For such other and further relief as the court deems appropriate.

**REQUEST FOR JURY TRIAL**

DATED: June 19, 2018                OTKUPMAN LAW FIRM, ALC

By:
_____
Roman Otkupman
Meghan Maertz
Attorneys for Plaintiff, Tarhonda Thornabar

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Roman Otkupman (CSBN: 249423) & Meghan Maertz (CSBN: 276976)<br>OTKUPMAN LAW FIRM, ALC<br>28632 Roadside Dr. Suite 203<br>Agoura Hills, CA 91301<br>　TELEPHONE NO.: (818) 293-5623　　FAX NO.: (888) 850-1310<br>ATTORNEY FOR *(Name):* Tarhonda Thornabar | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 7/9/2018 4:29 PM<br>Reviewed By: V. Taylor<br>Case #18CV331235<br>Envelope: 1704065** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
TARHONDA THORNABAR v. SJBH, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 18CV331235 |
|---|---|---|
| ☑ Unlimited　☐ Limited<br>(Amount　　(Amount<br>demanded　　demanded is<br>exceeds $25,000)　$25,000 or less) | ☐ Counter　☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 19, 2018

Roman Otkupman
　　　(TYPE OR PRINT NAME)　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT 2

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br> SJBH, LLC, and DOES 1 THROUGH 100, INCLUSIVE, <br><br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br> TARHONDA THORNABAR, | ***FOR COURT USE ONLY*** <br> ***(SOLO PARA USO DE LA CORTE)*** <br><br> E-FILED <br> 7/9/2018 4:29 PM <br> Clerk of Court <br> Superior Court of CA, <br> County of Santa Clara <br> 18CV331235 <br> Reviewed By: V. Taylor <br> Envelope: 1704065 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Downtown Superior Court <br> 191 N. First St. <br> San Jose, CA 95113 | CASE NUMBER: <br> *(Número del Caso):* <br> 18CV331235 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Roman Otkupman & Meghan Maertz: 28632 Roadside Dr. Suite 203 Agoura Hills, CA 91301: (818) 293-5623

| | | | |
|---|---|---|---|
| DATE: 7/9/2018 4:29 PM <br> *(Fecha)* | Clerk of Court | Clerk, by <br> *(Secretario)* _____ V. Taylor _____ | , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* SJBH, LLC

under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

**Page 1 of 1**

Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov

E-FILED
7/9/2018 4:29 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV331235
Reviewed By: V. Taylor

ROMAN OTKUPMAN, CSBN 249423
*Roman@OLFLA.com*
MEGHAN MAERTZ, CSBN 276976
*Meghan@OLFLA.com*
OTKUPMAN LAW FIRM, A LAW CORPORATION
28632 Roadside Drive, Suite 203
Agoura Hills, CA 91301
Telephone: (818) 293-5623
Facsimile: (888) 850-1310

Attorneys for Plaintiff,
TARHONDA THORNABAR

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| TARHONDA THORNABAR,<br><br>Plaintiff,<br><br>vs.<br><br>SJBH, LLC, and DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | CASE NO. 18CV331235<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **RETALIATION IN VIOLATION OF LABOR CODE § 1102.5 (a)(b);**<br><br>2. **CONSTRUCTIVE RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY;**<br><br>3. **FAILURE TO PROVIDE MEAL PERIODS AND REST PERIODS OR COMPENSATION IN LIEU THEREOF (LABOR CODE §§ 226.7);**<br><br>4. **KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS IN VIOLATION OF LABOR CODE § 226(a), (e);**<br><br>5. **FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION IN VIOLATION OF LABOR CODE §§ 201-203;**<br><br>6. **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200;** |

OTKUPMAN LAW
FIRM, ALC

1
Plaintiff's Complaint For Damages

7. **VIOLATION OF LABOR CODE §98.6.**

**REQUEST FOR JURY TRIAL**

PLAINTIFF, TARHONDA THORNABAR, complains and alleges as follows:

### GENERAL ALLEGATIONS

(Against All Defendants and all DOE Defendants)

1. At all times relevant to this complaint, Plaintiff, TARHONDA THORNABAR ("Plaintiff") was a resident of San Jose County, State of California.

2. At all times herein mentioned, Defendant, SJBH, LLC, a California limited liability company and Does 1-100 (hereinafter, collectively referred to as "Defendants"). SJBH, LLC, is licensed to do business in the state of state of California. Defendants employed the Plaintiff at their San Jose facility located at 455 Silicon Valley Blvd., San Jose CA 95138.

3. The Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as Does 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed and believes that each of the DOE defendants reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

4. Unless otherwise alleged in this complaint, the Plaintiff is informed, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining codefendants, in doing the things hereinafter alleged, were acting within the course, scope, and under the authority of the agency, employment, or representative capacity, with the consent of her/his codefendants.

5. Plaintiff began working as an Intake Admissions Counselor for Defendants on or about March 5, 2018. Plaintiff was earning approximately $33.00 per hour.

6. Throughout her employment with Defendants, Plaintiff was a diligent worker.

7. Throughout her employment with Defendants, Plaintiff was routinely unable to take her meal and rest breaks. Plaintiff raised the issue with Defendants about not taking her necessary meal and rest breaks as required by law. Plaintiff was not compensated nor paid a penalty for the hours worked in lieu of her breaks.

8. On or about March 9, 2018, Sean Barksdale advised Plaintiff's trainer Dawn (last name unknown) to have Plaintiff complete all the assessments. Plaintiff called Sean back to advise him that neither Dawn nor Plaintiff had taken lunch or rest breaks. However, Sean demanded Plaintiff to "continue working until they are all complete. It's our protocol."

9. On or about March 10, 2018, Plaintiff sent Sean Barksdale a text message requesting a meeting about ongoing meal and rest break violations.

10. On or about March 15, 2018, Plaintiff met with Joelle Garn, Human Resources Assistant and Brandy Rettus Interim Human Resources Director. Plaintiff provided copies of her timesheets showing Plaintiff did not take her meal breaks and rest breaks. She provided this information to Human Resources and Sean with those copies and a timeline of events.

11. Brandy Rettus met, and confirmed, with Sean Barksdale all Plaintiff's allegations regarding the lack of meal and rest breaks were true. Brandy then asked Plaintiff if she would like to continue to work in this environment or did Plaintiff wish to quit her employment. As such, Defendant offered Plaintiff two choices of either continuing working under the same conditions in which Plaintiff was not allowed to take her legally mandated meal and rest breaks or simply resign. Plaintiff did not want to continue working for Defendant under such circumstances. As such, Plaintiff submitted a resignation letter. As a result, Plaintiff was constructively terminated.

## VENUE AND JURISDICTION

12. Venue is proper under *Code of Civil Procedure* section 395, in that Plaintiff's injuries were incurred within this jurisdiction, and the actions that gave rise to Plaintiff's complaint arose within this jurisdiction.

///

3
Plaintiff's Complaint For Damages

## FIRST CAUSE OF ACTION

## RETALIATION IN VIOLATION OF LABOR CODE § 1102.5 (a) and (b)

(Against All Defendants and all DOE Defendants)

13.    Plaintiff incorporates and re-alleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

14.    The actions of Defendants, as described in this Complaint, constitute unlawful retaliation against an employee for reporting to what Plaintiff believed were actions that resulted in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation, specifically Labor Code § 226.7.

15.    Defendant terminated Plaintiff shortly after Plaintiff Plaintiff's complaints about the lack of meal and rest breaks for all employees.

16.    Had Plaintiff not voiced her concern regarding the rest and meal break issues, Plaintiff would still be employed at Defendants.

17.    Plaintiff is informed and believes and alleges that the reason given by Defendants to Plaintiff for her termination was pretextual.  Plaintiff is informed and believes and alleges that the true reasons for Defendants' termination of Plaintiff was due to Plaintiff's protected activity.

18.    As a proximate result of Defendants' willful, knowing and intentional actions, Plaintiff has sustained and continues to sustain substantial losses in earnings, humiliation, emotional distress, and mental pain and anguish, all to her damage in a sum according to proof.

19.    Defendants' acts as herein described were committed maliciously or oppressively with the intent of injuring Plaintiff and/or with a willful disregard for Plaintiff's right to work in an environment free from unlawful practices. Because the acts were carried out by officers, directors and/or managing agents of Defendants in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive or exemplary damages in a sum sufficient to punish and deter such future conduct.

20.    As a proximate result of the wrongful acts alleged, Plaintiff has been generally and specially damaged in an amount to be proven at trial.

21.    Plaintiff requests an award of attorney's fees and costs of suit.

OTKUPMAN LAW
FIRM, ALC

4

Plaintiff's Complaint For Damages

## SECOND CAUSE OF ACTION

### RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY

(Against all Defendants and all DOE Defendants)

22.   Plaintiff incorporates and re-alleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

23.   Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy.  The California Court has interpreted a fundamental public policy to be any articulable constitutional, or statutory provision, or regulation that is concerned with a matter affecting society at large rather than a purely personal or proprietary interest of the employee or the employer.  Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

24.   Plaintiff is informed, believes, and based thereon, alleges that said Defendant named in this cause of action, and all DOE Defendants, and each of them, terminated Plaintiff's employment in violation of Labor Code § 1102.5, which prohibits terminating an employee for making protected complaints, including complaints related to what the employee reasonably believes is a violation of the law, or for refusing to participate in actions that Plaintiff reasonably believes are or will result a violation of the law. *California Labor Code* § 1102.5.  Plaintiff complained about lack of meal and rest breaks.

25.   The retaliatory actions of Defendants against Plaintiff, as more fully set forth above, including but not limited to retaliating against Plaintiff because of Plaintiff's protected activity, harassing Plaintiff, and terminating Plaintiff from Plaintiff's employment because of Plaintiff's engagement in a protected activity.

26.   Plaintiff is informed and believes and alleges that the reason given by Defendant to Plaintiff for her termination was pretextual. Plaintiff is informed and believes and alleges that the true reasons for Defendant's termination of Plaintiff was in retaliation for Plaintiff's opposition to the illegal activity that was taking place.

27.   As a proximate result of Defendant's willful, knowing and intentional retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in

OTKUPMAN LAW
FIRM, ALC

earnings, humiliation, emotional distress, and mental pain and anguish, all to her damage in a sum according to proof.

28. Defendant's acts as herein described were committed maliciously or oppressively with the intent of injuring Plaintiff and/or with a willful disregard for Plaintiff's right to work in an environment free from unlawful retaliation. Because the acts were carried out by officers, directors and/or managing agents of Defendant in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive or exemplary damages in a sum sufficient to punish and deter such future conduct.

29. As a proximate result of the wrongful acts alleged, Plaintiff has been generally and specially damaged in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND REST PERIODS OR COMPENSATION IN LIEU THEREOF IN VIOLATION OF LABOR CODE §§ 226.7, ORDER 4-2001

(Against Defendants and all DOE Defendants)

30. Plaintiff hereby incorporates preceding paragraphs of this Complaint as though fully set forth herein.

31. Plaintiff is entitled to one hour of pay for each day that Defendants failed to properly provide one or more meal and rest periods as set forth in the IWC Wage Orders and Labor Code §§ 226.7.

32. Defendants have failed to provide Plaintiff one or more rest periods and failed to provide Plaintiff a meal period throughout the majority of Plaintiff's employment with Defendants. Defendants have failed to compensate Plaintiff at the rate of one hour or pay at their regular rate of pay for each day on which one or more meal periods or rest periods were not provided to Plaintiff. The times Plaintiff worked during her meal breaks and rest breaks were not compensated by Defendants.

33. Pursuant to Labor Code §§ 226.7, Plaintiff seeks the payment of all rest and meal period compensation, according to proof.

34. As a consequence of Defendant's willful conduct in not paying wages owed to Plaintiff, Plaintiff is entitled to payment at the rate of one hour or pay at her regular rate of pay

OTKUPMAN LAW
FIRM, ALC

Plaintiff's Complaint For Damages

for each day on which one or more meal periods were not provided to Plaintiff, together with attorney's fees and cost of suit, and prejudgment interest.

## FOURTH CAUSE OF ACTION

## KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

### (Against All Defendants and all DOE Defendants)

35.    Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

36.    Section 226(a) of the California Labor Code requires Defendants to provide wage statements to employees.  In those wage statements, Defendants must accurately set forth, among other things, the total gross and net wages earned, total hours worked, and all applicable pay rates in effect during the pay period, for Plaintiff.  Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a).

37.    As Plaintiff was not paid all wages due, including the rest period wages, as described herein, her wage statements do not state the correct gross wages earned, net wages earned, total hours worked, and all hourly rates in effect for Plaintiff. Defendants' violations of Labor Code § 226(a) are knowing and intentional, and Plaintiff have suffered injury as a result of the receipt of defective wage statements, thereby entitling them to penalties pursuant to Labor Code § 226(e).

38.    Wherefore, Plaintiff requests relief as described herein.

## FIFTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE SECTIONS 201, 202 RESULTING IN SECTION 203 WAGES AND PENALTIES (WAITING TIME PENALTIES) FOR FAILURE TO PAY WAGES DUE AT THE TIME OF DISCHARGE

### (Against All Defendants and all DOE Defendants)

39.    Plaintiff hereby incorporates preceding paragraphs of this Complaint as though fully set forth herein.

40.    At all times material herein, the California Labor Code Sections 201, 202, and 203 were in effect and binding on Defendant.

41.    California Labor Code § 202 requires employers to pay employees all wages due within seventy-two (72) hours of resignation. California Labor Code § 201 states in pertinent part that "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

42.    Plaintiff was entitled to compensation for unpaid wages, but to date has not received such compensation. Specifically, Defendant failed to pay Plaintiff all wages due to Plaintiff at the time of her termination. Plaintiff worked without ever receiving her ten (10) minute rest breaks. However, when Plaintiff's position with the company was terminated, Defendant failed to pay Plaintiff premium compensation that Plaintiff was owed for missing her meal and rest breaks. Thus, since Defendant failed to promptly pay Plaintiff all wages due to Plaintiff at the time of her termination, Defendant violated Section 201 of the Labor Code and Plaintiff is therefore entitled to wages and penalties pursuant to Labor Code Section 203.

43.    More than 30 days have passed since Defendant terminated Plaintiff.

44.    As a consequence of Defendant's willful conduct in not paying wages owed to Plaintiff, Plaintiff is entitled to 30 days of wages as a penalty pursuant to Labor Code § 203 for Defendant's failure to timely pay legal wages, together with attorney's fees and cost of suit, and interest pursuant to California Labor Code Section 218.5.

## SIXTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE
## SECTION 17200 ET SEQ.

(Against All Defendants and all DOE Defendants)

45.    Plaintiff hereby incorporates preceding paragraphs of this Complaint as though fully set forth herein.

46.    The California Business and Professions Code Section 17200 states that following: "Unfair Competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by

OTKUPMAN LAW
FIRM, ALC

8

Chapter 1 of Part 3 of Division 7 of the Business and Professions Code."

47.    Plaintiff hereby alleges that Defendant's conduct violated Section 17200 et seq. of the Business and Professions code by failing to pay Plaintiff wages pursuant to well-established California Law.

48.    Defendant's conduct occurred during a 10 day period preceding the filing of this action. Defendant's conduct, alleged herein, constitutes unlawful business practices in violation of Business and Professions Code Section 17200, et seq.

49.    Pursuant to Business and Professions Code Section 17200 et seq., Plaintiff is entitled to restitution of the portion of her compensation taken by Defendant by failing to promptly pay Plaintiff who was discharged, by failing to pay Plaintiff correct compensation, and by failing to furnish Plaintiff with correct itemized wage statements, during a period that commences four years prior to the filing of this action and continues at least throughout the date the judgment is entered in this action.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 98.6

(Against Defendants and all DOE Defendants)

50.    Plaintiff re-alleges the information set forth in all of the preceding paragraphs and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

51.    Labor Code § 98.6 states the following:

"(a) A person shall not discharge an employee or in any manner

discriminate, retaliate, or take any adverse action against any

employee or applicant for employment because the employee or

applicant engaged in any conduct delineated in this chapter, including

the conduct described in subdivision (k) of Section 96, and Chapter 5

(commencing with Section 1101) of Part 3 of Division 2, or …made a

written or oral complaint that he or she is owed unpaid wages, or

because the employee has initiated any action or notice pursuant to

Section 2699, or has testified or is about to testify in a proceeding

pursuant to that section, or because of the exercise by the employee or

Plaintiff's Complaint For Damages

OTKUPMAN LAW FIRM, ALC

applicant for employment on behalf of himself, herself, or others of any rights afforded him or her. Any employee who is discharged, threatened with discharge, demoted, suspended, retaliated against, subjected to an adverse action, or in any other manner discriminated against in the terms and conditions of his or her employment because the employee engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee has made a bona fide complaint or claim to the division pursuant to this part, or because the employee has initiated any action or notice pursuant to Section 2699 shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of the employer."

52.     On occasions, Plaintiff made complaints to Defendant for the following issues: 1) Plaintiff's inability to take rest breaks and  2) Plaintiff in ability to take meal breaks. However, Defendant's failed to take any remedial action. Plaintiff made complaints to her supervisor Sean Barksdale, as well as Joelle Garn and Brandy Rettus from Human Resources.

53.     As a proximate result of Defendant's willful, knowing and intentional actions, Plaintiff has sustained and continues to sustain substantial losses in earnings, humiliation, emotional distress, and mental pain and anguish, all to her damage in a sum according to proof.

54.     The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendants named in this cause of action, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and including Defendant's willful violation of the Act, entitle Plaintiff to punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter Defendant from engaging in such conduct again, and to make an example of them to others.

55.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous

OTKUPMAN LAW FIRM, ALC

conduct of said Defendant named in this cause of action, described above, was done with oppression and malice by the Plaintiff's supervisor and managers and were ratified by those other individuals who were managing agents of said Defendant. These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendant, for their acts as described in this cause of action in a sum to be determined at the time of trial.

56.     Because the wrongful acts against Plaintiff were carried out, authorized or ratified by said Defendant's directors, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff seeks punitive damages against Defendant in order to deter them from such and similar conduct in the future.

57.     In addition, Plaintiff is entitled to her attorney's fees in prosecuting this lawsuit.

58.     As a proximate result of the wrongful acts alleged, Plaintiff has been generally and specially damaged in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

1.     For compensatory damages according to proof;

2.     For such general, special, compensatory, and liquidated damages as may be appropriate, including all damages alleged above;

3.     For emotional distress damages;

4.     For attorneys' fees and costs;

5.     For punitive and exemplary damages pursuant to Cal. Civ. Code §3294;

6.     For an award of interest, including prejudgment interest, at the legal rate;

7.     For such other and further relief as the court deems appropriate.

OTKUPMAN LAW
FIRM, ALC

**REQUEST FOR JURY TRIAL**

DATED: June 19, 2018                    OTKUPMAN LAW FIRM, ALC

                                        By:

                                        Roman Otkupman
                                        Meghan Maertz
                                        Attorneys for Plaintiff, Tarhonda Thornabar

OTKUPMAN LAW
FIRM, ALC

12
Plaintiff's Complaint For Damages

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Roman Otkupman (CSBN: 249423) & Meghan Maertz (CSBN: 276976)<br>OTKUPMAN LAW FIRM, ALC<br>28632 Roadside Dr. Suite 203<br>Agoura Hills, CA 91301<br>TELEPHONE NO.: (818) 293-5623    FAX NO.: (888) 850-1310<br>ATTORNEY FOR (Name): Tarhonda Thornabar | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 7/9/2018 4:29 PM<br>Reviewed By: V. Taylor<br>Case #18CV331235<br>Envelope: 1704065** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
TARHONDA THORNABAR v. SJBH, LLC, et al.

| CIVIL CASE COVER SHEET<br>[✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: 18CV331235<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify): Seven (7)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 19, 2018

Roman Otkupman
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  **CM-010**

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**    Page 2 of 2

18CV331235
Santa Clara – Civil

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Roman Otkupman SBN 249423<br>Otkupman Law Firm<br>28632 Roadside Drive Suite 203<br>Agoura Hills, CA 91301<br>TELEPHONE NO.: (818) 293-5623        FAX NO. (Optional):<br><br>E-MAIL ADDRESS (Optional): roman@oifla.com<br>ATTORNEY FOR (Name):        Plaintiff | **FOR COURT USE ONLY**<br>Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 8/15/2018 1:40 PM<br>Reviewed By: A. Rodriguez<br>Case #18CV331235<br>Envelope: 1838381 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA - CENTRAL**
STREET ADDRESS: 191 N First St.
MAILING ADDRESS: 191 N First St.
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA - CENTRAL

| | |
|---|---|
| PLAINTIFF/PETITIONER: Tarhonda Thornabar<br><br>DEFENDANT/RESPONDENT: SJBH, LLC | **CASE NUMBER:**<br>18CV331235 |

| | |
|---|---|
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>18CV331235 |

*(Separate proof of service is required for each party served.)*

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of: ***Summons and Complaint; Civil Case Cover Sheet;***

3.    a. Party served *(specify name of party as shown on documents served)*: ***SJBH, LLC***

   b.    ☒   Person (other than the party in Item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in Item 3a)*:
**CT Corporation System Registered Agent by leaving with
Marla Velasco, Person Authorized to Accept**

4.    Address where the party was served: ***111 8th Ave Fl 13  New York, NY 10011***

5.    I served the party *(check proper box)*
   a.    ☒   **by personal service.** I personally delivered the documents listed in Item 2 to the party or person authorized to receive service of process for the party (1) on: **7/27/2018** (2) at: **12:30 PM**
   b.    ☐   **by substituted service.** On: at: I left the documents listed in Item 2 with or in the presence of *(name and title or relationship to person indicated in Item 3)*:

   (1)   ☐   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2)   ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3)   ☐   **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4)   ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
   *on:*              *from:*              or ☐ a declaration of mailing is attached.

   (5)   ☐   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

POS-010 [Rev. January 1, 2007]              **PROOF OF SERVICE OF SUMMONS**              Invoice # 2111325

| PLAINTIFF/PETITIONER: Tarhonda Thornabar | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SJBH, LLC | 18CV331235 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on:                                        (2) from:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** (*specify means of service and authorizing code section*):

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of (*specify*):
  c. ☐ as occupant.
  d. ☒ On behalf of (*specify*): **SJBH, LLC**
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)             ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                                         ☐ other:

7. **Person who served papers**
  a. Name: **John Cleere**
  b. Address: **1545 Wilshire Blvd. Suite 311, Los Angeles, CA 90017**
  c. Telephone number: **213-628-6338**
  d. The fee for service was: **$100.00**
  e. I am:
    (1) ☒ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (I) ☐ owner   ☐ employee   ☒ independent contractor.
      (II) Registration No.:
      (III) County: **0**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JANNEY & JANNEY**
**LEGAL SUPPORT SERVICE**

John Cleere               Date: 08/02/2018

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Roman Otkupman, CSBN: 249423; Meghan Maertz CSBN: 276976<br>28632 Roadside Drive, Suite 203<br>Agoura Hills, CA 91301<br>TELEPHONE NO.: 818-293-5623    FAX NO. *(Optional)*: 888-850-1310<br>E-MAIL ADDRESS *(Optional)*: roman@olfla.com, meghan@olfla.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Tarhonda Thornabar | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: Tarhonda Thornabar

DEFENDANT/RESPONDENT: SJBH, LLC, et al

| CASE MANAGEMENT STATEMENT<br>*(Check one):*  ☑ **UNLIMITED CASE**  ☐ **LIMITED CASE**<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | CASE NUMBER:<br>18CV331235 |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: October 23, 2018    Time: 3:45 p.m.    Dept.: 6    Div.:    Room:
Address of court *(if different from the address above)*:

☑ Notice of Intent to Appear by Telephone, by *(name)*: Meghan Maertz

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☑ This statement is submitted by party *(name)*: Plaintiff, Tarhonda Thornabar
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: July 9, 2018
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☑ complaint  ☐ cross-complaint    *(Describe, including causes of action)*:
      Plaintiff alleges retaliation in violation of Labor Code§1102.5(a)(b), constructive retaliatory discharge in violation of public policy, failure to provide meal and rest period or compensation in lieu thereof (Labor Code §§226.7),

Page 1 of 5

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Tarhonda Thornabar | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SJBH, LLC, et al | 18CV331235 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

knowing and intentional failure to comply with itemized employee wage statement provisions in violation of Labor Code §266(a),(e), failure to timely pay wages due at termination in violation of Labor Code §§201-203, violation of Business and Professions Code §17200 and violation of Labor Code §98.6.

☑ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐ The trial has been set for *(date):*
b.   ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☑ days *(specify number):* 5-7
b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   E-mail address:
f.   Fax number:
g.   Party represented:
☐ Additional representation is described in Attachment 8.

9.   **Preference**
☐ This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
   (1) For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

   (2) For self-represented parties: Party ☐ has ☐ has not   reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).
   (1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

   (2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   (3) ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

Page 2 of 5

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Tarhonda Thornabar | 18CV331235 |
| DEFENDANT/RESPONDENT: SJBH, LLC, et al | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ✓ | ✓ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* . |
| (2) Settlement conference | ✓ | ✓ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

Page 3 of 5

CM-110 [Rev. July 1, 2011] . 

**CASE MANAGEMENT STATEMENT**

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: Tarhonda Thornabar | CASE NUMBER: |
| DEFENDANT/RESPONDENT: SJBH, LLC, et al | 18CV331235 |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify)*:
Status: The parties have filed a stipulation to send this case to arbitration.

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | Per Code |
| Plaintiff | Depositions of Defendant | Per Code |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

Page 4 of 5

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Tarhonda Thornabar | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SJBH, LLC, et al | 18CV331235 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: October 3, 2018

Roman Otkupman
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 6 of 6

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 28632 Roadside Drive, Suite 203, Agoura Hills, CA 91301.

On **October 3, 2018**, I served the foregoing document described as:

**1. Case Management Statement**

on the interested parties in this action as follows:

**SJBH, LLC**
**6100 TOWER CIRCLE, STE 1000**
**FRANKLIN, TN 37067**

[X] **BY U.S. MAIL.** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit. Executed on **October 3, 2018**, at Agoura Hills, California.

[] **BY PERSONAL SERVICE.** I delivered such envelope by hand to the office of the addressee. Executed on *.*, at Agoura Hills, California.

[X] **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Brittney Heller_
Brittney Heller

2
PROOF OF SERVICE